

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable I. Fredsoki
County Auditor
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-4508
Re: Is the county auditor author-
ized to advertise for automo-
biles pursuant to the resolu-
tion of the commissioners'
court and sign a warrant for
the payment of same?

Your letter requesting the opinion of this de-
partment on the above stated question reads in part as
follows:

"At a meeting held on yesterday by the
County Commissioners' Court, the following Order
was passed and a certified copy of same was fur-
nished to me by the County Clerk:

"'Communication of Sam T. Walker, Chairman
Road & Bridge Committee; Joe L. Fallia, Commis-
sioner First Precinct, and C. C. Washington,
County Engineer, requesting authority for the
County Auditor to advertise for one automobile
for use of road supervision in the fourth pre-
cinct and one automobile for use of road super-
vision in the first precinct as provided for
in the budget for 1942, received and on Motion
of Commissioner Walker, seconded by Commission-
er Fallia and carried; It is ordered by the
Court that the request of the committee be and
is granted; Commissioner Ballich. voting No.'

"As I am unable to find any law author-
izing the purchase of the automobiles request-
ed in the resolution quoted above, I kindly ask
that you render an opinion as to whether I am
authorized to advertise for said cars and sign
a warrant for the payment of same."

Your letter of April 1, 1942, supplementing the above mentioned letter reads in part:

"In my letter addressed to you on yesterday for an opinion with reference to the purchase of automobiles as set out in the Resolution of the Commissioners' Court and quoted by me, I overlooked to advise that the two automobiles are intended and will be used by the County Commissioners of Precinct No. 1 and Precinct No. 4 in this County. The Court Order, as you will observe, refers to the use of the automobiles for road supervision but does not state that the County Commissioner will be in possession of same."

Many counties operate under special road laws which provide generally for a more efficient road system in such counties, and especially provide for the payment of accounts or expenses incurred by the county commissioners of the operation of their own private automobiles for supervising the maintenance of roads in their counties. They further provide for the purchase and payment of various kinds of equipment including pickups, etc. However, after careful search of the statutes, we are unable to find any special statute, or road law, under which Galveston County operates authorizing the purchase of automobiles. The general law makes no provision for the purchase of automobiles, for the county, to be used by the county commissioners in the conduct of their office.

Our opinion No. O-1918, among other things, holds that Dallas County is not authorized to expend its funds for the purchase of automobiles to be used by the commissioners in connection with their duties in going to and from their respective districts on county business or in payment of repair and storage bills on such automobiles. We enclose a copy of this opinion for your convenience.

We also direct your attention to our opinion Nos. O-752 and O-996 regarding similar questions. We enclose copies of these opinions herewith.

In view of the foregoing opinions and the authorities cited therein, we respectfully answer the above stated question in the negative.

Honorable J. Predocki, Page 3

In connection with the foregoing we call your attention to opinions Nos. O-3119 and O-2562 of this department, copies of which are enclosed.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED APR 15, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:LW

ENCLOSURES